IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BNJ LEASING, INC. and**                                                       **PLAINTIFFS**
**MRB ENTERPRISE INC.**

**V.**                                                            **CIVIL ACTION NO. 2:19-CV-156-KS-MTP**

**PORTABULL FUEL SERVICE, LLC**                                  **DEFENDANT**

**PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE AND TESTIMONY
REGARDING ALLEGED NON-INFRINGING ALTERNATIVES**

COME NOW Plaintiffs, BNJ Leasing, Inc. and MRB Enterprise Inc. ("Plaintiffs"), by and through undersigned counsel of record, and file this their Motion to Exclude in the above-numbered and styled cause and in support thereof would show unto the Court as follows:

The Court should exclude the opinions and testimony of Portabull's expert witnesses referring to or relying on the hypothetical alleged acceptable non-infringing alternative created by Portabull's technical expert, Mr. Fred Smith. These expert opinions and testimony should be excluded because: (a) Portabull failed to timely disclose Mr. Smith's alleged non-infringing alternative under Federal Rule of Civil Procedure 37; and (b) any opinion based on Mr. Smith's alleged non-infringing alternative is unreliable as he fails to provide adequate support for his opinion that the alternative would be "acceptable" to those in the field, even if it does not infringe under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Further, Mr. Smith's alleged acceptable non-infringing alternative forms the foundation of the affirmative opinions on lost profits and a reasonable royalty offered by Portabull's damage expert, Mr. Eric Krause. Mr. Krause is not an expert on the technology at issue, and relies solely on Mr. Smith for the issue of acceptable non-infringing alternatives. Without the foundation of

1

Mr. Smith's alleged non-infringing alternative, Mr. Krause's affirmative damage opinions fail to meet the reliability requirement of FRE 702 and *Daubert*. As a result, Mr. Krause's affirmative opinions[1] should be excluded.

More specifically, in his rebuttal expert report, Portabull's technical expert, Mr. Fred Smith, provided what he believes to be a hypothetical acceptable non-infringing alternative to the Portabull device accused of infringement in this patent case. This hypothetical device, which is referred to below as the "Smith Creation," comprises various modifications to the back access structure on Portabull's Taurus and Minitaur devices, which are the devices accused of infringement. The Smith Creation is shown in the images below, and was raised for the first time in Mr. Smith's <u>rebuttal</u> expert report on August 2, 2021, well after fact discovery ended on June 11, 2021.



---

[1] Mr. Krause also offers a rebuttal opinion that criticizes the royalty calculation performed by Plaintiffs' damages expert, Mr. Joel Wacek. That rebuttal opinion is not implicated by this motion.

The availability of non-infringing alternatives is relevant in patent litigation, and particularly impacts the issue of damages. The burden is on Portabull to present evidence supporting the availability of acceptable non-infringing alternatives.

Each party has been well aware of the importance of acceptable non-infringing alternatives long before the close of fact discovery. Given this, Plaintiffs asked for Portabull's position on non-infringing alternatives in its interrogatories. In line with its overall sandbagging approach to fact discovery, Portabull responded only with generalities, and only presented the Smith Creation on the deadline for rebuttal expert reports. Portabull waited until this deadline despite Plaintiffs' interrogatories and despite having the burden of presenting evidence of acceptable non-infringing alternatives. Indeed, testimony from Mr. Krause shows that Mr. Smith was considering his non-infringing alternative in June of 2021—before the deadline for <u>opening</u> expert reports. Portabull's sandbagging approach violates the rules of discovery and this Court's Case Management Order. This has unfairly prejudiced Plaintiffs, who have been deprived of a fair opportunity to take and present discovery on the Smith Creation. As explained below, the proper remedy is to exclude the Smith Creation. Mr. Smith's opinion and testimony concerning an acceptable non-infringing alternative – indeed *any* evidence sought to be presented by Portabull on this issue – should be excluded.

Moreover, Mr. Krause's deposition testimony confirms that, without the Smith Creation, his affirmative opinions on damages lack foundation. Mr. Krause testified at his deposition that the Smith Creation was the dominant basis for his opinion that damages in the form of lost profits are not appropriate in this case. Mr. Krause also testified that the availability of a non-infringing alternative to Portabull's accused devices "dominates" his alternative analysis of a reasonable royalty. Lost profits and a reasonable royalty are the only two damage models presented in this

3

case. As a result, without the Smith Creation, Mr. Krause's affirmative opinions on damages fail to meet the reliability threshold of *Daubert* and should accordingly be excluded. Accordingly, Mr. Krause's opinions and testimony relying on the Smith Creation should be excluded.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court to enter an Order precluding Portabull's experts from offering any evidence or opinions at trial concerning alleged acceptable non-infringing alternatives including, but not limited to, the Smith Creation.

Respectfully submitted, this the 15th day of October, 2021.

        BNJ LEASING, INC. and MRB ENTERPRISE INC.

        BY:    HARNESS, DICKEY & PIERCE, PLC
                 BALCH & BINGHAM LLP

        By:    /s/ *Douglas A. Robinson*
                 Douglas A. Robinson (MO 58304)
                 (*pro hac vice*)
                 HARNESS, DICKEY & PIERCE, PLC
                 7700 Bonhomme Ave., Suite 400
                 St. Louis, MO 63105
                 (314) 726-7500
                 (314) 726-7501 (fax)
                 drobinson@hdp.com

                 David P. Utykanski (MI P47029) (*pro hac vice)*
                 Brent G. Seitz (MI P63079) (*pro hac vice)*
                 HARNESS, DICKEY & PIERCE, PLC
                 5445 Corporate Drive, Suite 200
                 Troy, Michigan 48098
                 (248) 641-1600
                 (248) 641-0270 (fax)
                 davidu@hdp.com
                 bseitz@hdp.com

              Jonathan P. Dyal (MSB #99146)
              Bryan C. Sawyers (MSB #104177)
              BALCH & BINGHAM LLP
              1310 Twenty Fifth Avenue
              Gulfport, MS 39501
              Telephone: (228) 864-9900
              Facsimile: (228) 864-8221
              jdyal@balch.com
              bsawyers@balch.com

              *Attorneys for Plaintiffs*
              *BNJ LEASING, INC. and MRB*
              *ENTERPRISE INC.*

## **CERTIFICATE OF SERVICE**

The undersigned counsel of record does hereby certify that on this day, a true and correct copy of the above and foregoing pleading was served via the CM/ECF system upon the following counsel of record:

Patrick H. Zachary, Esq.
pat@zandllaw.com

Vicki R. Leggett, Esq.
vleggett@zandllaw.com

Benjamin E. Weed, Esq. (*pro hac vice*)
benjamin.weed@klgates.com

Erik J. Halverson (*pro hac vice*)
erik.halverson@klgates.com

***Attorneys for Defendant***
***Portabull Fuel Service, LLC***

This the 15th day of October, 2021.

/s/ *Douglas A. Robinson*