UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BNJ LEASING, INC., and
MRB ENTERPRISE, INC.,

    Plaintiffs,

v.

PORTABULL FUEL SERVICE, LLC,

    Defendant.

Case No. 2:19-cv-00156-KS-MTP

**DEFENDANT PORTABULL FUEL SERVICE, LLC'S
<u>STATEMENT OF UNCONTESTED FACTS</u>**

Defendant Portabull Fuel Service, LLC ("Portabull"), by and through its undersigned attorneys of record, files this statement of uncontested facts in support of its Motion For Summary Judgment:

1. U.S. Patent No. 10,232,782 ("the '782 Patent") issued on March 19, 2019. Exhibit A[1], Cover.

2. The '782 Patent is a division of Application No. 14/629,889 filed on February 24, 2015 and as such has an effective priority date of February 24, 2015. Exhibit A, Cover.

3. The sole claim of the '782 Patent is claim 1, which spans the '782 Patent from Column 5, line 23 through Column 6 line 31. Exhibit A, 5:23-6:31.

4. Plaintiff BNJ Leasing Inc. ("BNJ") is the sole owner of the '782 Patent.

5. Plaintiff MRB Enterprises Inc. ("MRB") was the original applicant of the '782 Patent and assigned the '782 Patent to BNJ on March 19, 2018.

6. This Court construed the sole claim of the '782 Patent in its claim construction order of March 23, 2021. Dkt. No. 135.

7. The Court's Construction of the sole claim of the '782 Patent construed the claimed "deck access device" to be limited to "the structure depicted as numerals 92a and 92b in Figures 4-5, and as described in the specification at 3:46-66." Dkt. No. 135 at 11.

8. Annotated figures 4 and 5 are reproduced below, as annotated by Plaintiffs' Technical Expert, Dr. Klopp:

---

[1] Exhibits referenced in the Statement of Uncontested Facts are attached to the Memorandum In Support of Portabull's Motions for Summary Judgment.



Figure 2: Annotated Figures 4 and 5 from the '782 Patent showing the deck access device (92a and 92b, red) connected to the horizontal deck 94 (blue). Pivoting from this deck is the tiltable platform 96 (green). Also shown in black is the refueling boom being accessed by a worker standing on the tiltable platform.

Exhibit E, Opening Report of Dr. Klopp at ¶34.

9. Portabull's Minitaur (M1 in the below images) and Taurus (201 in the below images) have substantially the same rear load-rack arrangement:

 

Exhibit E, Opening Report of Dr. Klopp at ¶57.



Exhibit E, Opening Report of Dr. Klopp at ¶88.

10. The load rack of the Accused Products includes a yellow ladder with three rungs and a top yellow landing. *See* above.

11. The load rack of the Accused Products also includes a staircase having five steps leading to a top deck space. *See* above.

12. Between the bottom step of the staircase and the yellow landing, a red surface exists that a user must stand on while traveling up or down between the ground and the top deck. *See* above.

13. In June of 2013, Dan Ellzey and Chris Holifield met to discuss a tank design for Portabull. Exhibit G, Holifield Deposition, at 43:4-14, 33:7-37:25; 41:3-42:4, 186:24-187:10; Exhibit I, Ellzey Deposition, at 53:25-54:3, 105:25-106:15, 128:11-129:9; *see also* Exhibit J, Exhibit 2 of Holifield Deposition.

14. One of the drawings discussed at that meeting is below:





Exhibit J, Exhibit 2 of Holifield Deposition.

15. Portabull did not purchase the design in the above Exhibit 2 because it was too expensive at the time. Exhibit I, Ellzey Deposition, at 106:13-15; Exhibit G, Holifield Deposition, at 41:23-42:4.

16. Chris Holifield testified that had Portabull wished to purchase the Exhibit 2 design in 2013, he would have been able to build the design in two weeks. Exhibit G, Holifield Deposition, at 41:3-42:4.

17. M&L Petroleum, a prior company of Mr. Mark W. Beard, had no competitors in the 2007-2010 time frame. Exhibit B, Deposition of Mark W. Beard, at 28:18-29:4.

18. Mark W. Beard sold M&L Petroleum in 2010 for a substantial sum of money: ███ ███. Exhibit C, Stock Purchase Agreement at BNJ-000001120.

19. The Stock Purchase Agreement includes a non-compete clause that defines a "Restricted Period" as seven years from the closing date, December 10, 2010. Exhibit C, Stock Purchase Agreement at BNJ-000001150-1151.

20. The Stock Purchase Agreement defines "Sellers" as including Mark W. Beard. Exhibit C, Stock Purchase Agreement.

21. The Stock Purchase Agreement states:

Sellers acknowledge and agree that the Buyer Parties would be irreparably damaged if any Seller were to (i) provide services to, or otherwise participate in or compete with, the business of any Person competing with the Company or (ii) use, or disclose to any third Person, any information relating to the Company's Mobile Fueling Systems (including the design, implementation, and performance thereof), the Pipeline Business or any other Trade Secrets of the Company and that any such competition, use, or disclosure would result in a significant and material loss of goodwill by Buyer and its Affiliates. Sellers hereby further acknowledge and agree that the covenants and agreements set forth in this Section 6.9 were a material inducement to Buyer to enter into this Agreement and to perform its obligations hereunder, and that the Buyer Parties would not obtain the benefit of the bargain set forth in this Agreement as specifically negotiated by the parties hereto if any Seller was to breach the provisions of this Section 6.9.

Exhibit C, Stock Purchase Agreement at BNJ-000001150

22. The Stock Purchase Agreement also states that no Seller shall:

    directly or indirectly own any interest in, manage, control, participate in (whether as an officer, director, employee, partner, representative, or otherwise), consult with, render services for, or in any other manner engage in any Restricted Business (other than for or on behalf of Buyer);

    Exhibit C, Stock Purchase Agreement at BNJ-000001150-1151

23. The Stock Purchase Agreement defines Restricted Business as:

    'Restricted Business" means any business (i) engaged in the distribution or sale of fuel or lubricants to any pipeline construction contractor or any other commercial, industrial, or agricultural business or enterprise or (ii) that utilizes Mobile Fueling Systems (including in connection with construction, electrical distribution, timber, or wind farm projects or any similar construction or other projects) or any other tanks or equipment similar to Mobile Fueling Systems.

    Exhibit C, Stock Purchase Agreement at BNJ-000001118-1119

Dated: October 15, 2021								Respectfully submitted,

								s/ Benjamin E. Weed
								Benjamin E. Weed (*pro hac vice*)
								Erik J. Halverson (*pro hac vice*)
								K&L Gates LLP
								70 W. Madison St.
								Suite 3300
								Chicago, IL 60602
								Phone: 312-372-1121
								benjamin.weed@klgates.com
								erik.halverson@klgates.com

								Patrick H. Zachary (MSB #6674)
								Vicki R. Leggett (MSB #1187)
								Zachary & Leggett, PLLC
								211 S. 29th Avenue, Suite 100
								P.O. Box 15848
								Hattiesburg, MS 39402
								Telephone: (601) 264-0300
								Facsimile: (601) 264-0311
								Pat@zandllaw.com
								vleggett@zandllaw.com

								*Attorneys for Defendant*
								 *Portabull Fuel Service, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 15, 2021, I electronically transmitted the foregoing to the Clerk of the Court using the CM/ECF system for filing and transmittal to the CM/ECF registrants.

s/ Benjamin E. Weed<br>
Benjamin E. Weed