IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BNJ LEASING, INC., *et al.*                                              PLAINTIFFS

v.                                    CIVIL ACTION NO. 2:19-CV-156-KS-MTP

PORTABULL FUEL SERVICE, LLC                                              DEFENDANT


<u>ORDER</u>

On October 15, 2021, Plaintiffs filed two Motions to File Documents Under Seal [185, 188], in which they ask the Court for leave to file several exhibits under seal. In the first motion, they ask the Court to seal portions of two depositions, and in the second they ask the Court to seal a report from an expert witness. Plaintiffs filed redacted copies of the documents [184-14, 184-16, 187-14] in support of their dispositive motions.

"Judicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021); *see also* L.U.Civ.R. 79(a). Indeed, "[t]he public's right of access to judicial records is a fundamental element of the rule of law." *Le*, 990 F.3d at 417. Accordingly, "courts should be ungenerous with their discretion to seal judicial records." *Id.* at 419. When a party asks for an exhibit to be sealed, the Court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* The Court must explain any sealing "at a level of detail that will allow for [an appellate] Court's review," and the

Court "abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing." *Id.*

Therefore, this Court's local rules explicitly provide: "No document may be filed under seal, except upon entry of an order of the court . . . . Any order sealing a document must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U.Civ.R. 79(b). "No document may be sealed merely by stipulation of the parties. A confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule." L.U.Civ.R. 79(d).

In the first motion [185], Plaintiffs provided no reason for sealing the deposition excerpts other than the fact that they were purportedly subject to the parties' protective order. This is not a sufficient reason to seal a document. *Id.*

In the second motion [188], Plaintiffs argued that the expert report "addresses damages" and, therefore, "discusses the highly confidential financial information and business structures of each party at various points throughout the document." However, a "bald assertion of competitive harm is insufficient" to merit sealing. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Moreover, the report is 120 pages long, and Plaintiffs did not direct the Court to the specific sections of it that merit sealing. Finally, the expert report in question is the subject of a Motion to Exclude [186], heightening the Court's duty of

transparency. *Le*, 990 F.3d at 419-21.

For these reasons, the Court finds that Plaintiffs have not demonstrated that their interest in non-disclosure of the documents in question outweighs the public's right of access to judicial records. The Court **denies** Plaintiffs' Motions to File Documents Under Seal [185, 188]. If Plaintiffs want the Court to consider these documents when addressing their pending dispositive motions, they must file unredacted copies on the Court's public docket.

SO ORDERED AND ADJUDGED this 19th day of October, 2021.

/s/      Keith Starrett

KEITH STARRETT
UNITED STATES DISTRICT JUDGE